UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| CAMPBELL, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>SAN DIEGO VETERANS AFFAIRS, et al.,<br><br>        Defendants. | Case No.: 3:24-cv-01817-CAB-VET<br><br>**ORDER DENYING APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT**<br><br>[ECF Nos. 1–2] |
|---|---|

  Plaintiffs John and Kathryn Campbell filed a complaint against various oncology departments in San Diego, Sacramento, Redding, and Martinez that are allegedly associated with the Department of Veterans Affairs, and unnamed medical center employees. [*See* Complaint ("Compl.") at 2.] At the time of filing, Plaintiffs did not prepay the civil filing fees 28 U.S.C. § 1914(a) requires. Instead, they filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). [ECF No. 2.] For the reasons discussed below, the Court **DENIES** Plaintiffs' IFP motion and **DISMISSES** Plaintiffs' complaint with leave to amend.

### I. Motion to Proceed IFP

  Generally, all parties instituting a civil action in this court must pay a filing fee. *See* 28 U.S.C. § 1914(a); CivLR 4.5(a). But under 28 U.S.C. § 1915(a), the court may

authorize any suit's commencement, prosecution, or defense without payment of fees if the plaintiff submits an affidavit, including a statement of all his or her assets, showing he or she is unable to pay filing fees or costs. "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal quotation marks omitted). Granting or denying leave to proceed IFP in civil cases is within the district court's sound discretion. *Venerable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974) (citations omitted).

Here, only Plaintiff Kathryn Campbell filed an IFP application. As Plaintiff John Campbell is also a party to this case, he must file an IFP application independent of Plaintiff Kathryn Campbell. Moreover, in her supporting application, Plaintiff Kathryn Campbell avers that her average monthly income for the last twelve months was $2500. [ECF No. 2 at 1–2.] She provides a single checking account containing $200 and represents that her total monthly expenses (including housing, utilities, food, and medical expenses) amounts to $6000. [*Id.* at 2, 4–5.] Plaintiffs do not explain the disparity between their monthly income of $2500 and monthly expenses of $6000. Accordingly, Plaintiffs' motion to proceed IFP is **DENIED**. Should Plaintiffs choose to re-file, they should ensure *both* parties file applications and explain how Plaintiffs are able to afford $6000 in monthly expenses on a $2500 monthly income.

## II.     Screening of the Complaint Pursuant to 42 U.S.C. § 1915(e)(2)(B)

A plaintiff seeking to proceed IFP pursuant to 28 U.S.C. § 1915(a) is subject to sua sponte dismissal if the complaint is "frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that

fails to state a claim."). Congress enacted this safeguard because "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). Additionally, "[t]he standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under [28 U.S.C.] § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure [("Rule")] 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Although the Court denies Plaintiffs' IFP application, it elects nonetheless to screen Plaintiffs' complaint should Plaintiffs decide to re-file their IFP applications. Plaintiffs have pleaded three tort claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b). [Compl. at 2.]

### A. Administrative Exhaustion

Under the FTCA, district courts "have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government" under certain defined circumstances. 28 U.S.C. § 1346(b). The FTCA functions as "a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." *United States v. Orleans*, 425 U.S. 807, 813 (1976).

"The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA." *Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980). It must be affirmatively alleged in the complaint. *Id.* This jurisdictional prerequisite applies to claims "against the United States for money damages for injury or . . . personal injury . . . caused by" a government employee's "negligent or wrongful act or omission . . . while acting within the scope of his office or employment." 28 U.S.C. § 2675(a). "[T]he claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by

certified or registered mail." *Id.* "The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." *Id.* "Because the requirement is jurisdictional, it 'must be strictly adhered to.'" *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000) (quoting *Jerves v. United States*, 966 F.2d 517, 521 (9th Cir. 1992)).

To be considered timely, a claimant must present their claim to the appropriate agency within two years of the claim's accrual. 28 U.S.C. §§ 2401(b), 2675(a). "In a medical malpractice case under the FTCA, a claim accrues when the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the injury and its cause." *Landreth ex rel. Ore v. United States*, 850 F.2d 532, 533 (9th Cir. 1988). A claim is deemed presented for purposes of § 2675(a) when the appropriate federal agency receives from the claimant "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." *Warren v. U.S. Dep't of Interior*, 724 F.2d 776, 780 (9th Cir. 1984).

Plaintiffs have pleaded that they discovered the facts relating to the alleged injury in June of 2023. [*See* Compl. at 5.] Documents attached to the complaint indicate that Plaintiffs filed a "Standard Form 95" with the Department of Veterans Affairs' Office of General Counsel Torts Law Group, [ECF No. 1-2 at 2–4], in September of 2023. [Compl. at 5.] Plaintiffs included a sum-certain damages claim on the "Standard Form 95." [ECF No. 1-2 at 2.] Plaintiffs appear to have received a written response from the Department of Veterans Affairs' ("VA") Office of General Counsel dated November 27, 2023. [ECF No. 1-2 at 1.] In that response, a VA representative communicated that Plaintiffs could file their suit in federal court after the VA's six-month window to consider their claim expired. [*Id.*] Plaintiffs should **affirmatively allege** that that they filed a timely administrative claim in any amended complaint. *Civiletti*, 629 F.2d at 640.

### B. Plaintiffs Have Not Sued the Proper Defendant

The only proper defendant in an FTCA action is the United States. *Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998) (affirming dismissal of FTCA claims against a federal agency and a federal official). Plaintiffs fail to name the United States as a defendant and additionally name multiple improper defendants. Moreover, Plaintiffs did not name any responsible party in their factual allegations except for general references to the VA in Northern California and Southern California and various unnamed medical professionals. Throughout their complaint, Plaintiffs have not alleged sufficient facts to give proper notice of what role any party played in contributing to the alleged harms. Fed. R. Civ. P. 8(a). In any amended complaint, Plaintiffs should provide sufficient facts to put the proper Defendant (the United States) on notice of the nature of Plaintiffs' claims.[1]

### C. Plaintiffs' Claims for Relief

To proceed under the FTCA, Plaintiffs must show that the conduct of the government violates some state law. *Delta Sav. Bank v. United States*, 265 F.3d 1017, 1025 (9th Cir. 2001). "'The law of the place' in § 1346(b) has been construed to refer to the law of the state where the act or omission occurred." *Id.* "Thus, any duty that the United States owed to plaintiffs must be found in California state tort law." *Id.*

#### 1. Medical Malpractice and Negligence Claims

To state a claim for professional negligence under California law, a plaintiff must plead: "(1) the duty of the professional to use such skill, prudence and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence." *Turpin v. Sortini*, 643 P.2d 954, 960 (Cal. 1982). As for plain negligence, "[i]n order to establish

---

[1] Plaintiffs may consult the Southern District of California's website for resources relating to proper service on the United States: https://www.casd.uscourts.gov/_assets/pdf/attorney/prose/self-help/Service%20-%20US%20Government%20One%20Pager.pdf.

negligence under California law, a plaintiff must show that the defendant had a legal duty to use due care, that the defendant breached that duty, and that the breach was a legal or proximate cause of plaintiff's injury." *USAir Inc. v. U.S. Dep't of Navy*, 14 F.3d 1410, 1412 (9th Cir. 1994).

The Court construes the complaint liberally. *Capp v. Cnty. of San Diego*, 940 F.3d 1046, 1052 (9th Cir. 2019). Even so, Plaintiffs have not sufficiently alleged that any party breached a duty of care, nor have they pleaded a causal connection between any party's conduct and the alleged injury. An amended pleading should supply such facts to provide adequate notice to the proper Defendant. Fed. R. Civ. P. 8(a).

### 2. Intentional Infliction of Emotional Distress (IIED) Claim

"A cause of action for intentional infliction of emotional distress exists when there is: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Hughes v. Pair*, 209 P.3d 963, 976 (Cal. 2009) (internal quotations omitted); *see Doe v. United States*, 704 F. Supp. 3d 1049, 1058 (C.D. Cal. 2023) (recognizing a California IIED claim pursuant to the FTCA).

Plaintiffs have not pleaded facts tying any specific party to the alleged harm. Basic allegations about the role of particular individuals that purportedly led to Plaintiffs' claimed emotional distress are necessary to provide notice and to sustain the causality element of the IIED claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiffs should include those factual details in any refiling.

### III. Conclusion

Plaintiffs' application to proceed IFP is **DENIED**. [ECF No. 2.] Plaintiffs' complaint is **DISMISSED** for failure to state a claim with leave to amend. Plaintiffs may re-file their application to proceed IFP by Dec. 16, 2024. Each Plaintiff must file

individually, and Plaintiffs should explain their income-to-expenses disparity on their applications. Moreover, should Plaintiffs choose to re-file IFP applications, they should also amend their complaint to plead the proper defendant, allege that they exhausted their administrative remedies, and provide sufficient facts to meet the facial plausibility pleading standard.

It is **SO ORDERED.**

Dated: November 15, 2024

_____
Hon. Cathy Ann Bencivengo
United States District Judge